Wright, J.
The condition of the bond, it will be observed, is, that if the said Lewis Huesman shall and do well-' and truly prosecute said appeal to effect-, and pay the full amount of the condemnation money in the district court aforesaid, and costs, in case a decree should be entered therein in favor of said complainants, tfie appellees, then in such case the above obligation to be void and of none - effect, otherwise to be and remain in full force and virtue - in law.
This bond was executed in 1853. This is the old form. of condition prescribed in the law of 1831. Swan, 682. This law was repealed by the code, which prescribes the • condition, as follows:
“ Each appeal bond . . , shall be subject to a condition to the effect that the party appealing shall abide and.. *670 perform the order and judgment of the appellate court, and shall pay all moneys, costs, and damages which may be required of, or awarded against, said party by such court.”
The authorities cited by counsel for plaintiff' in error, however, show that a bond is good when the condition is substantially that required by the statute, though its terms may not be exactly followed.
The question then recurs, whether the surety is liable.
That the surety is liable only upon the letter of his bond, 'is laid down in various cases. Lang v. Pike, 27 Ohio St. 498. In Hall v. Williamson, 9 Ohio St. 23, the suit was upon .an injunction bond. The condition recited that an injunction had been allowed to stay proceedings upon a certain judgment for $2,300. The amount in fact was $2,346.06. It was held incompetent to offer the record of the' judgment in evidence, as it was not the one described in the condition of the bond, and the surety was liable only upon its express terms.
In Myers v. Parker, 6 Ohio St. 501, a bond was executed in 1852, the condition of which was-to pay the condemnation money m the supreme court. That court had then been superseded by the district court, aud it was held that no action could be maintained upon the instrument. Scott, J., says the petition “ does not allege that there has beeu any condemnation of the appellant, or any decree entered in favor of the appellee, in the ‘ supreme court within and for the county of Lorain.’ At the date of the bond there was no such court. It had been superseded by the district court. Nor does the petition allege a mistake or clerical error in the bond. It would,'perhaps, have been useless to set up •such mistake. For the petition seeks to make Ingersoll liable as surety — to make him answer for the default of Myers. No principle is better settled than that a surety has a right to stand upon the very terms of his contract.”
The language of the bond in the case before us is, that the principal shall pay the “ condemnation money in the district court.” Does this cover a decree rendered by- the ■court of common pleas? The findings of the district court *671 were that complainants were entitled' to one-half of certain land scrip, and of the proceeds and profits thereof; that they were entitled to an account of the same. That the amount of said scrip was a certain sum, one-half of which belonged to complainants, as also one-half of the lands purchased therewith. It was then ordered and decreed that the cause stand referred to a master to be appointed by the court of common pleas, to state an account upon the principles of the decree, and that defendants pay-complainants the amount found due in said account when ascertained and stated, and the cause was remanded for such further action as should be necessary to carry the judgment into execution.
This decree of the district court was at the June term, 1856. The case went back to the common pleas. A master was appointed, who reported, and the court approved that report, and rendered judgment in June, 1858, audit is this judgment that is said to be covered by the bond in question.
It is argued by counsel for plaintiff in error, and with force, that the action of the common pleas was in fact the .action of the district court; that what an inferior court does by the order of a superior court, the superior court itself does. But we hardly think that, this is a just application of the principle of agency. The court of common pleas acts in conformity with the mandate transmitted to it, and yet we do not suppose that it could render a judgment such as that the district court could issue execution upon it.
Clearly they are two distinct tribunals, and it would seem to be an unwarrantable strain upon words to say that a bond given to cover a judgment in one should be held to cover a judgment in the other.
It is true, the district court does say thát defendants shall pay the amount found due on said account when ascertained and stated, and the costs. The condition provides for the payment of the condemnation money in the district court and “ costs.” When the case goes back to the common pleas, and a master is occupied for two years *672 In making a report, at an expense not usually trifling, are-all the “ costs ” occasioned by such proceeding, to be considered as the “ costs ” of the district court, against which the bond provides ?
We do not see how the action of the common pleas can be held to be that of the district court, when there has been no opportunity for approval or confirmation of that action. Had the master been appointed by the district court, his report would have been nugatory, until acted upon by the tribunal appointing him. And although the common pleas may have decreed, as it supposed, in conformity to-the direction of the higher court, we can not be absolutely certain of that fact until that court has said so. Suppose-an appeal had been taken from this last decree of the common pleas, and that decree affirmed, could this present bond have been brought into play by suit upon it, or must that suit have been upon the new appeal bond? Or suppose,, upon such new appeal, the decree of the common pleas had been reversed or modified, could the bond before us have-served any useful purpose in a litigation ?
In a case like this, we suppose the district court must have rendered such a judgment as from it the amount of the “ condemnation money ” can be determined.
In Hamilton v. Jeffers, 13 Ohio, 428, the action was upon, an appeal bond to the supreme court. The decree of that court found that u there is due the complainant some $1,500, and an interlocutory decree directs t'he respondent’s interest in the contract for 225 aeres of land and the-personal property, if the same remain on hand, to be sold,, and the avails to be applied in payment of the complainant’s debt, and the costs.”
The court in this case say : “ In this decree there is no-condemnation money. The appellant is condemned to pay nothing. The decree merely finds the amount due, and directs the sale of the securities for its discharge. . . . No execution cau issue on such finding against Tallmadge, for he is not decreed to pay anything.”
In the case before us, the district court does not decree. *673 that any sum shall be paid ; it decrees that the party shall pay what another tribunal may direct him to pay. .We do not think that, under the circumstances, the surety can be held liable upon his undertaking, and the judgment is affirmed.